PER CURIAM.
In this case, a mother appeals a judgment terminating her parental rights to her child. The child was originally declared a dependent child based upon a petition which alleged the child was at risk due to the parents’ history of neglect, substance abuse, and violent behavior and, therefore, dependent pursuant to section 39.01(10)(a), Florida Statutes (1987). More than two years later, the Department of Health and Rehabilitative Services (HRS), who had been awarded the care, custody, and control of the child, filed a petition to terminate the parents’ rights. The father surrendered his rights to the child, and at the conclusion of the final hearing on the petition, the court found that the mother had failed to substantially comply with the performance agreement she had entered into and that she continued to neglect the child. The court entered a final judgment terminating the parents’ rights to the child, and this timely appeal by the mother followed.
Although some of the evidence presented to the trial court was conflicting, the court, after resolving those conflicts, found that HRS had carried its burden of establishing the need for termination of parental rights by clear and convincing evidence. We agree and, accordingly, affirm. In re C.M.H., 413 So.2d 418 (Fla. 1st DCA 1982). See also In re A.B., 444 So.2d 981 (Fla. 1st DCA 1983).
Affirmed.
RYDER, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.